## **§ 362 INFORMATION SHEET**

**DARRELL KELLY ALLIN &**
**KELLY JEAN ALLIN**          20-50138-BTB          **Motion for Relief from the Automatic Stay**
DEBTORS                              BANKRUPTCY #         MOTION #

**Bank of the West**               7
MOVANT                              CHAPTER

### *Certification of Attempt to Resolve the Matter Without Court Action*

*Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(5), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
Date: 03/03/2020                                                              Signature */s/ Andrea M. Gandara*
                                                                                                  *Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 3145 Cobble Ridge Ct., Reno, NV 89511 APN:152-370-22
NOTICE SERVED ON:
DEBTOR(S)     ☒          DEBTOR(S)' COUNSEL     ☒          TRUSTEE     ☒

DATE OF SERVICE: **Contemporaneously with filing of this Motion**

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| THE EXTENT and PRIORTY of LIENS: | THE EXTENT and PRIORTY of LIENS: |
| 1ST  $807,993.18 | 1ST  $807,712.00 |
| 2ND  $24,990.67 | 2ND  $24,774.00 |
| OTHER  1,087,000.00 | OTHER  $834,625.00 |
| TOTAL ENCUMBRANCES:   $1,919,986.85 | TOTAL ENCUMBRANCES:   $1,667,081.00 |
| APPRAISAL or OPINION as to VALUE: | APPRAISAL or OPINION as to VALUE: $1,100,000.00 |
| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
| AMOUNT OF NOTE: 1st DOT: $861,302.02       HELOC: Up to $25,000.00 | |
| INTEREST RATE: 1st DOT: 3.75%       HELOC: Variable (Initial 9.75%) | |
| DURATION: Matures January 1, 2047 | SPECIAL CIRCUMSTANCES: |
| PAYMENT PER MONTH: 1st DOT: $4,655.50       HELOC: $230.79 (01/2020 Missed Payment) | |
| DATE OF DEFAULT: HELOC: 01/25/2020       1st DOT: 02/01/2020 | SUBMITTED BY: |
| AMOUNT IN ARREARS: 1st DOT: $4,854.94       HELOC: $230.79 | |
| DATE OF NOTICE OF DEFAULT: N/A (post-BK) | Signature: |

07296-48/2379247

Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Andrea M. Gandara, Esq. (NV Bar No. 12580)
Email: agandara@nevadafirm.com
HOLLEY DRIGGS
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

E-filed: March 3, 2020

Michael Ayers, Esq. (NV Bar No. 10851)
Email: mayers@nevadafirm.com
HOLLEY DRIGGS
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: 775/851-8700
Facsimile: 775/851-7681

*Attorneys for United Federal Credit Union*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>DARRELL KELLY ALLIN<br>aka KELLY ALLIN and<br>KELLY JEAN ALLIN<br>aka KELLY LEE ALLIN<br>aka KELLY ALLIN,<br><br>Debtors. | Case No. BK-N-20-50138-BTB<br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 3145 COBBLE RIDGE COURT, RENO, NEVADA 89511, APN 152-370-22 PURSUANT TO 11 U.S.C. § 362(d)(1) AND (2)**<br><br>Date of Hearing: April 14, 2020<br>Time of Hearing: 10:00 a.m.<br>Place:  Courtroom No. 2, Fifth Floor<br>          C. Clifton Young Federal Building<br>          300 Booth Street<br>          Reno, NV 89509<br><br>Judge: Hon. Bruce T. Beesley |

United Federal Credit Union ("Movant" or the "UFCU"), which is the beneficiary under two certain deeds of trust recorded against real property located at 3145 Cobble Ridge Court, Reno, Nevada 89511, APN: 152-370-22 (the "Property"), by and through counsel, Richard F. Holley, Esq., Michael Ayers, Esq., and Andrea M. Gandara, Esq., of the law firm Holley Driggs, moves for termination of the automatic stay as to the Property.

Cause exists under Section 362(d)(1) to terminate the automatic stay as to the Property because there is a lack of adequate protection where Movant has not received any payments for

the Property since January 7, 2020, and Darrell Kelly Allin also known as Kelly Allin and Kelly Jean Allin also known as Kelly Lee Allin and Kelly Allin (collectively, the "Debtors") will not cure any default through a plan of reorganization because this is a Chapter 7 case. Cause further exists under Section 362(d)(2) to terminate the automatic stay as to the Property because the Debtor does not have sufficient equity in the Property and the Property is not necessary to an effective reorganization.

This Motion is supported by the Section 362 Information Sheet submitted concurrently herewith; the Declaration of Tamela Bundy (the "UFCU Decl."), filed concurrently herewith, the exhibits incorporated by reference herein, the Memorandum of Points and Authorities set forth below, the pleadings and papers on file herein, and any oral argument the Court may entertain on this Motion.

Dated this 3rd day of March 2020.

**HOLLEY DRIGGS**

/s/ Andrea M Gandara
Richard F. Holley, Esq. (NV Bar No. 3077)
Andrea M. Gandara, Esq. (NV Bar No. 12580)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

Michael Ayers, Esq. (NV Bar No. 10851)
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: 775/851-8700
Facsimile: 775/851-7681

*Attorneys for United Federal Credit Union*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     JURISDICTION, VENUE, AND CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENTS**

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

As to this contested matter only, Movant consents to entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**II.     STATEMENT OF FACTS**

**Loan to Debtors Secured by First Deed of Trust**

1. On or about December 16, 2016, Debtors received a loan for the Property in the amount of $861,302.00 UFCU and correspondingly executed a Promissory Note and Deed of Trust in favor of UFCU. *See* Promissory Note (the "First Note"), a true and correct copy of which is attached to the UFCU Decl. as **Exhibit 1**, and the Deed of Trust (the "First DOT"), a true and correct copy of which is attached to the UFCU Decl. as **Exhibit 2**.

2. The terms of Debtors' loan from UFCU required Debtors to make monthly payments with a 3.750% yearly interest rate beginning on February 1, 2017 and continuing through the loan maturity date of January 1, 2047 at which time Debtors would be obligated to pay the Note in full. *See* Note, at Page 1. The Debtors' monthly payments initially were $3,988.82 but have increased to $4,655.50, which is the Debtors' current monthly payment. *See* First Note, at Page 1; *see also* UFCU Decl. at ¶ 6.

**Debtors' Home Equity Credit Line Agreement**

3. On or about January 23, 2017, Debtors received a Home Equity Credit Line ("HELOC") with a minimum initial advance amount of $10,000.00 and a line of credit limit of $25,000.00. *See* Home Equity Credit Line Agreement and Truth-in-Lending Disclosure Statement (the "Second Note"), a true and correct copy of which is attached to the UFCU Decl. as **Exhibit 3**.

4. Under the HELOC, the Finance Charge begins to accrue on the date each advance is posted to the credit limit and accrues for each day the balance remains unpaid. The unpaid

principal balance for each day is multiplied by the daily periodic rate to determine the amount of finance charge that is owed. The unpaid principal balance is the unpaid balance of all advances made at the close of each day after all transactions, including payments, new advances, and other charges have been entered. All activity in the HELOC during each monthly period including all new advances, posted to the account during the period will be subjection to a finance charge from the date an advance is posted to the account and will continue to accrue until the date of payment. *See* Second Note, at Page 1.

5.   The HELOC is subject to a variable interest rate beginning at the annual percentage rate of 9.75% and has a maturity date of January 25, 2027. *See* Second Note, at Page 1.

6.   To secure the HELOC, on or about January 27, 2017, Debtors executed a Deed of Trust and Planned Unit Development Rider in favor of UFCU ("Second DOT")[1], a true and correct copy of which is attached to the UFCU Decl. as **Exhibit 4**.

**Debtors' Line of Credit for Business and Personal Guaranties of Business Obligations**

7.   On January 17, 2019, Debtors and their business Hot Lane Logistics, Inc., a Nevada corporation doing business as Parker Trucking doing business as Parker Trucking, Company, LLC ("Hot Lane") took a line of credit in the amount of $185,000.00 (the "Credit Line") and executed certain loan documents in favor of UFCU. The Debtors and Hot Lane were obligated to pay the entire principal balance of $185,000.00 plus any accrued unpaid interest, at the variable interest rate, due in full on the maturity date of July 10, 2019. The initial annual interest rate was 7.250%. The variable interest rate is calculated by adding 1.750% to the prime rate in the Wall Street Journal on the last business day of the month. Upon default, the interest rate increases by an additional 2.00%. *See* Business Loan Agreement, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 5**, Promissory Note, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 6**, and Security Agreement, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 7**.

///

---

[1] Together with Second Note, First DOT and First DOT, are referred to as the "Loan Documents."

8. In addition, the Debtors personally guaranteed Hot Lane's payment and performance for certain other obligations. True and correct copies of the Commercial Guaranties are attached hereto respectively as **Exhibits 8**; *see also* Business Loan Agreement re 2014 Peterbilt 579CONV TDS VIN ending 5676, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 9**, Promissory Note re 2014 Peterbilt 579CONV TDS VIN ending 5676, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 10**, and Security Agreement re 2014 Peterbilt 579CONV TDS VIN ending 5676, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 11**; Business Loan Agreement re 2012 Peterbilt 386 CONV TDS VIN ending 3289, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 12**, Promissory Note re 2012 Peterbilt 386 CONV TDS VIN ending 3289, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 13**, and Security Agreement re 2012 Peterbilt 386 CONV TDS VIN ending 3289, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 14**; Business Loan Agreement re Credit Line, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 15**, Promissory Note re Credit Line, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 16**, and Security Agreement re Credit Line, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 17**; Business Loan Agreement re Visa Credit Card, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 18** and Credit Agreement and Disclosure, a true and correct copy of which is attached to UFCU Decl. as **Exhibit 19**.

**Debtors' Bankruptcy and Default**

9. On February 3, 2020, the Debtors filed a voluntary Chapter 7 Petition. *See* Chapter 7 Petition [ECF No. 1].

10. On February 18, 2020, the Debtors filed Schedules and Statements, reporting the secured debt they owe to UFCU for the first mortgage as $807,712.00 and the HELOC as $24,774.00, as well as a third mortgage owed to Plumas Bank in the amount of $834,623.00. The Debtors reported the Property's value as $1,100,000.00. *See* Schedule D [ECF No. 13-1, at pp. 18 and 19 of 93].

11. The Debtors further identified debts they owe UFCU as unsecured in their Schedule E/F [ECF No. 13-1, pp. 60-64 of 93].

12. The Debtors reported their combined current monthly income as $3,000.00, of which $2,300.00 is unemployment compensation and $750.00 in food stamps for their family of five, compared to monthly expenses of $9,061.43 This leaves negative monthly net income of $5,261.43. *See* Schedules I and J [ECF No. 13-1, at pp. 75-78 of 93].

13. The Debtors have indicated their intent to retain the Property and continue making regular payments to UFCU. *See* Statement of Intention [ECF No. 13-1, at p. 91 of 93].

14. However, the Debtors defaulted on their payment obligations with UFCU for the Property. Specifically, the Debtors failed to make their payment due for the HELOC on January 25, 2020 and they did not make their mortgage payment due for the First DOT on February 1, 2020. *See* UFCU Decl. at ¶ 18.

**Outstanding Indebtedness**

15. As of February 26, 2020, the outstanding arrears owed for the First DOT is $4,854.94, consisting of $1,464.72 in principal, $2,524.10 in unpaid interest, $668.68 in Escrow and $199.44 in late charges, reserving all rights as to attorney fees and costs that are also owed under the Note and First DOT. *See* UFCU Decl. at ¶ 19.

16. As of February 26, 2020, the outstanding arrears owed for the HELOC is $230.79 in interest, reserving all rights as to attorney fees and costs that are also owed under the HELOC and Second DOT. *See* UFCU Decl. at ¶ 20.

### III.    LEGAL ARGUMENT

**A.    Relief from Automatic Stay Is Warranted Under Section 362(d)(1) and (2).**

1. <u>Cause Exists to Terminate the Automatic Stay Under Section 362(d)(1).</u>

Section 362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1).

The term "cause" is not defined in the Bankruptcy Code other than to note it includes "a lack of adequate protection of a party's interest in property, [which] is the most common basis for granting relief for cause." *See* 3 COLLIER ON BANKRUPTCY P 362.07 (16th 2019).

Here, cause exists to terminate the automatic stay as to the Property under 362(d)(1) because Debtors are delinquent in their payments and have not provided adequate protection to UFCU for its interest in the Property. Moreover, because this is a Chapter 7 liquidation case, the Debtors will not cure any default through a plan of reorganization.

For these reasons, the automatic stay should be terminated as to the Property to allow the Movant to proceed with foreclosure.

 2. <u>The Automatic Stay Should Be Terminated as to the Property Because the Debtor Lacks Equity and the Property Is Not Necessary to an Effective Reorganization Under Section 362(d)(2).</u>

Section 362(d)(2) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> …
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(2).

Here, the Debtors do not have equity in the Property because the debts owed to UFCU and Plumas Bank as reported in the Debtors' own Schedules and Statements ($1,667,109.00) exceed the reported value of the Property ($1,100,000.00).[2] Moreover, the Property is not necessary to an effective reorganization in this Chapter 7 case where the Debtors will not be confirming and

---

[2] Citation to the Schedules/Statements is not an adoption of the amounts reported therein and UFCU reserves all objections, rights, and remedies with respect to the Debtors' filings.

performing under a plan of reorganization. For these reasons, termination of the automatic stay is appropriate under Section 362(d)(2).

## IV. CONCLUSION

Based upon the foregoing, the Movant respectfully requests that its Motion is granted, that the automatic stay is terminated as to the Property immediately, and such other relief as the Court deems appropriate.

Dated this 3rd day of March, 2020.

**HOLLEY DRIGGS**

/s/ Andrea M. Gandara
Richard F. Holley, Esq. (NV Bar No. 3077)
Andrea M. Gandara, Esq. (NV Bar No. 12580)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

Michael Ayers, Esq. (NV Bar No. 10851)
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: 775/851-8700
Facsimile: 775/851-7681

*Attorneys for United Federal Credit Union*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs, and that on the 3rd day of March 2020, I caused to be served a true and correct copy of MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 3145 COBBLE RIDGE COURT, RENO, NEVADA 89511, APN 152-370-22 PURSUANT TO 11 U.S.C. § 362(d)(1) and (2) in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

_____
An employee of Holley Driggs